U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN - 5 2021

CLERK, U.S. DISTRICT COURT
By_____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHARLES BEN BOUNDS, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:20-CV-1237-A |
| | § | (NO. 4:16-CR-132-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Came on for consideration the motion of Charles Ben Bounds, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The court, having considered the motion, the government's response, the reply, the record, including the record in the underlying criminal case, No. 4:16-CR-132-A, and applicable authorities, finds that the motion should be denied.

I.

Background

The record in the underlying criminal case reflects the following:

On August 10, 2016, movant was named along with others in a third superseding indictment charging him with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine,

in violation of 21 U.S.C. § 846. CR Doc.[1] 526. Movant was tried by a jury and found guilty. CR Doc. 661.

The probation officer prepared a presentence report ("PSR"), which reflected that movant's base offense level was 34 based on his being accountable for 6.2 kilograms of methamphetamine. CR Doc. 960, ¶ 37. He received a two-level increase for possession of firearms, id. ¶ 38, and a two-level increase for importation. Id. ¶ 39. He also received a two-level increase for obstruction of justice. CR Doc. 1098, ¶ 42. Based on a total offense level of 40 and a criminal history category of III, movant's guideline imprisonment range was 360 months to life; however, the statutorily authorized maximum was 40 years, so the guideline range became 360 to 480 months. Id. ¶ 95. The probation officer rejected movant's objections to the drug quantities attributed to him. Id. at 3.

The court sentenced movant to a term of imprisonment of 360 months. CR Doc. 1176. He appealed, CR Doc. 1229, and his sentence was affirmed. United States v. Gentry, 941 F.3d 767 (5th Cir. 2019). His petition for writ of certiorari was denied. Bounds v. United States, 140 S. Ct. 2731 (2020).

---

[1] The "CR Doc. ___" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-132-A.

II.

## Ground of the Motion

Movant asserts one ground in support of his motion, simply "ineffective assistance of counsel." Doc.[2] 1 at PageID[3] 5. In an attachment to the motion, he alleges that his counsel failed to thoroughly investigate relevant conduct attributed to him by proffers of co-defendants. Id. at PageID 14. Specifically, he is challenging the 2041.2 grams of methamphetamine that Melissa Veatch ("Veatch") attributed to him. Id.

III.

## Applicable Legal Standards

A.    28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause"

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[3] The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the typewritten page number on the form used by movant is not the actual page number.

3

for his procedural default and "actual prejudice" resulting from
the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer
trial errors. It is reserved for transgressions of
constitutional rights and other narrow injuries that could not
have been raised on direct appeal and would, if condoned, result
in a complete miscarriage of justice. United States v. Capua,
656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other
words, a writ of habeas corpus will not be allowed to do service
for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974);
United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).
Further, if issues "are raised and considered on direct appeal, a
defendant is thereafter precluded from urging the same issues in
a later collateral attack." Moore v. United States, 598 F.2d 439,
441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d
515, 517-18 (5th Cir. 1978)).

B.   Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim,
movant must show that (1) counsel's performance fell below an
objective standard of reasonableness and (2) there is a
reasonable probability that, but for counsel's unprofessional
errors, the result of the proceedings would have been different.
Strickland v. Washington, 466 U.S. 668, 687 (1984); see also

4

Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

The sole basis for movant's motion is his contention that his attorney failed to thoroughly investigate relevant conduct

5

attributed to him by Veatch. Doc. 1 at PageID 14. He relies on
Veatch's statement at her sentencing that "I hope to stand
before you while under oath and recant my proffer." Id. Movant
interprets the statement to mean that the 2,041.2 grams
attributed to him by Veatch should not have been considered. He
faults his counsel for not investigating Veatch, but wholly
fails to describe what such investigation would have entailed
and how it would have changed the outcome. He says that an
objection would have been valid "and when the court asked for
evidence it could have been presented," but he does not say what
evidence. Id. at PageID 17.

At her sentencing on November 23, 2016, Veatch read a
statement, saying:

> Okay. There really are no words to excuse how
> many times I've stood in front of a judge. I can
> honestly say, the road to hell is paved with good
> intentions. Good people make bad decisions every day,
> and I believe it is human nature to point the finger
> at others when they get into trouble, as Adam did to
> Eve, and Eve to the serpent, and so forth.
>
> People probably stand in front of you every day
> and blame this all on their addiction, and, to me,
> that is a selfish cop-out for their own actions, just
> like my decisions, just like my decision to proffer.
> And while I can't take back what got me here, I hope
> to stand before you while under oath and recant that
> proffer, because I think, Your Honor, I am finally
> growing up and putting the blame where it belongs, and
> that is on me.

I am to blame. I'm sorry for not realizing how much pain that I've cause so many people, and if I did realize it, I just got higher so that I didn't have to face reality, and that reality is facing me today. I'm standing before you facing reality. I put myself here, and it breaks my heart to take responsibility for the wreck that I've made of not just to my life, but of my kids' lives.

I want to say—I just actually want to end with a verse out of the Bible, and it's John 19:10-11. It says, Jesus was standing before Pontius Pilate, and Pilate demanded, don't you realize I have the power to release you or crucify you? And Jesus said, you would have no power over me at all, unless it was given to you from above, and the ones that handed me over to you have the greater sin.

Thank you.

CR Doc. 1288 at 21-22.

The court notes that the transcript of Veatch's sentencing was not prepared until March 20, 2017. Id. Movant's PSR was prepared in December 2016 and the addendum in January 2017. CR Docs. 960, 1098. Movant does not provide any evidence to show that his counsel was even aware of Veatch's statements.

Even assuming counsel was aware of the statements, a reasonable interpretation of them is that Veatch regretted informing on other people and not simply accepting responsibility for her actions. She never said she lied. The probation officer determined the drug quantities attributed to movant from information deemed reliable by the case agents. CR Doc. 1098 at 3. The court was entitled to rely on the PSR.

7

United States v. Alaniz, 726 F.3d 586, 619 (5th Cir. 2013). The burden was on movant to show that the information in the PSR was materially untrue. United States v. Valencia, 44 F.3d 269, 274 (5th Cir. 1995). Veatch's statements would not be sufficient to meet that burden in any event.

Finally, a defendant who alleges failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the case. United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989). Movant has made no attempt to meet his burden. And, as the government notes, the amount of methamphetamine provided movant by Veatch was wholly within his knowledge. Movant cannot blame his attorney for failing to investigate if movant failed to cooperate with his attorney, which appears to be what happened. Gentry, 941 F.3d at 774-76.

V.

Order

The court ORDERS that movant's motion be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further

ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED January 5, 2021.

JOHN McBRYDE
United States District Judge